# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5736 | **DATE** | 9/21/2004 |
| **CASE TITLE** | IBEW Defined vs. Comtel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached memorandum opinion, the plaintiffs' motion for summary judgment is granted. Damages are hereby awarded in favor of the plaintiffs and against defendant Comtel Technologies, Inc. in the amount of $49,383.14 plus reasonable attorneys' fees and costs. All pending dates and motions are hereby stricken as moot. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | SEP 2 2 2004 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. Memorandum opinion distributed in open Court. | | docketing deputy initials | 19 |
| | Mail AO 450 form. | | SEP 2 2 2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IBEW LOCAL 461 DEFINED )
CONTRIBUTION PENSION TRUST )
FUND, IBEW LOCAL 461 WELFARE )
TRUST FUND, IBEW LOCAL 461 )
JOINT APPRENTICESHIP AND )
TRAINING TRUST FUND, IBEW )
LOCAL 461 VACATION FUND, AND )
NATIONAL ELECTRICAL BENEFIT )
FUND, )
                                            )
           Plaintiffs,                      )
                                            )
     v.                                     ) No. 03 C 5736
                                            )
COMTEL TECHNOLOGIES, INC.,                  )
                                            )
           Defendant.                       )

MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs IBEW Local 461 Defined Contribution Pension Trust Fund, IBEW Local 461 Welfare Trust Fund, IBEW Local 461 Joint Apprenticeship and Training Trust Fund, IBEW Local 461 Vacation Fund and National Electrical Benefit Fund's ("Funds") motion for summary judgment. For the reasons stated below, we grant the Funds' motion for summary judgment.

1

## BACKGROUND

The Funds are multi-employer plans designed to provide pension, welfare, apprenticeship, and vacation benefits to employees under the terms of the collective bargaining agreements negotiated by the International Brotherhood of Electrical Workers Local 461 ("Local 461"). The Funds each fall under the category of "employee pension benefit plans," "employee benefit plans," or "employee welfare benefit plans," within the meaning of ERISA, 29 U.S.C. §1002(2) and (3).

On June 14, 2001, Defendant Comtel Technologies Inc. ("Comtel") and Local 461 executed a Letter of Assent in which they adopted the collective bargaining agreement known as the "Telecommunications Agreement." This agreement had been negotiated between Local 461 and the Northern Illinois Chapter of the National Electrical Contractors Association, Inc. ("NECA") and covered telecommunications electrical work. On the same date, Comtel and Local 461 executed a second Letter of Assent in which they adopted a collective bargaining agreement, known as the "Inside Agreement," that covered construction electrical work. This collective bargaining agreement had also been negotiated by Local 461 and NECA. Both the Telecommunications Agreement and the Inside Agreement obligate an employer to make fringe benefit contributions on behalf of its employees and provide that employers bound to the agreements must file monthly payroll reports with the Funds showing all hours worked by employees performing electrical work within the

2

geographical jurisdiction of Local 461.

The Funds claim that between June 2001 and May 2002, Local 461 referred employees to Comtel to perform bargaining unit work. Some of these employees were communications technicians and apprentices whose employment was covered under the terms of the Telecommunications Agreement. Other employees were journeymen and apprentice wiremen whose employment was covered under the terms of the Inside Agreement. The Funds claim that an audit revealed that Comtel failed to make all of the required contributions for the employees during the pertinent period. The Funds have brought this action seeking the alleged delinquent contributions, audit fees, liquidated damages, costs, and attorneys' fees.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact."*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."Id. at

3

325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine "issue in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts."*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

On October 20, 2003, this court gave Comtel until May 28, 2004, to file an answer to dispositive motions and a response to the Funds' 56.1 statement of facts. Comtel failed to file an answer or a response to the Funds' 56.1 statement of facts and Comtel indicated in open court that it had no intention of filing either document. Pursuant to Local Rule 56.1, when a party files a motion for summary judgment each party must prepare a statement of material facts and each party is required to respond

to the opposing party's statement of material facts and either admit or deny each fact. A denial is improper if the denial is not accompanied by specific references to admissible evidence or at least evidence that represents admissible evidence. *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003); *Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000). Pursuant to Rule 56.1 any facts included in a party's statement of facts that are not properly denied by the opposing party are deemed to be admitted. Local Rule 56.1; *Dent*, 2003 WL 22025008, at *1 n.1. *See also Jankovich v. Exelon Corp.*, 2003 WL 260714, at *5 (N.D. Ill. 2003)(indicating that evasive denials are improper and thus the contested fact is deemed to be admitted pursuant to Local Rule 56.1). *See also Dagan v. RJ Carman R.R.*, 2002 WL 1263989, at *2 (N.D. Ill. 2002) (stating that claimant funds are entitled to summary judgment if "the employer produces no evidence whatsoever to challenge the results of the audit."). Since Comtel failed to respond to the Funds' 56.1 statement of facts, all the facts included therein are deemed to be admitted by Comtel.

Comtel is obligated under 29 U.S.C. § 1132 to make contributions to the Plaintiff Funds if it was a party to a binding labor agreement with the union.*See Illinois Conf. of Teamsters & Emplrs. Welfare Fund v. Steve Gilbert Trucking* 71 F.3d 1361, 1365 (7th Cir. 1995). Comtel admits that Comtel executed binding Letters of Assent in which "the parties agreed to adopt a collective bargaining agreement that had been negotiated between Local 461 and NECA." (SF 7, 8).

Comtel admits that both the Telecommunications Agreement and the Inside Agreement obligate an employer to make fringe benefit contributions on behalf of its employees and provide that employers bound to the agreements must file monthly payroll reports with the Funds showing all hours worked by employees performing electrical work within the geographical jurisdiction of Local 461. (SF10). Comtel admits that between June 2001 and May 2002, Local 461 referred employees to Comtel to perform bargaining unit work, that some of these employees were communications technicians and apprentices whose employment was covered under the terms of the Telecommunications Agreement, and that other employees were journeymen and apprentice wiremen whose employment was covered under the terms of the Inside Agreement. (SF 15). Comtel admits that an audit revealed that Comtel failed to make all of the required contributions for the employees during the pertinent period. (SF 19-50, 52).

Comtel admits that under each of the agreements Comtel was obligated to make required fringe benefits owed for a month no later than the fifteenth day of the following month and that contributions submitted after that date are considered delinquent and ten percent of the amount is to be assessed as liquidated damages for each thirty day period or fraction thereof that the delinquency continues and that liquidated damages are capped at twenty percent. (SF 13). Comtel does not dispute that the audit of Comtel's books revealed that Comtel owed the Plaintiff Funds a total amount of $40,152.62. (SF 50). Neither does Comtel contest the Funds'

assertion that Comtel owes $8,030.52 in liquidated damages. (SF 54). ERISA provides the following guidelines for assessing damages:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> **(1)** In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
>
> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
>
> **(A)** the unpaid contributions,
>
> **(B)** interest on the unpaid contributions,
>
> **(C)** an amount equal to the greater of--
>
> **(i)** interest on the unpaid contributions, or
>
> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> **(E)** such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g). Thus, under 29 U.S.C. § 1132(g)(2)(A), the Plaintiff Funds are entitled to the amounts due to them as reflected by the audit. *Laborers' Pension Fund v. Milco Const., Inc.*, 2000 WL 1372846, at *4 (N.D. Ill. 2000). Furthermore, pursuant to 29 U.S.C. § 1332(g)(2)(D) and the relevant terms of the

7

Telecommunications Agreement (Art. 10, § 10.01) and the Inside Agreement (Art. XIII, § 13.04), Plaintiff Funds are entitled to recover audit costs, reasonable attorneys' fees, and costs. *Thelin v. Mitchell*, 576 F. Supp. 1404, 1408 (N.D. Ill. 1983); *Laborer's Pension Fund*, 2000 WL 1372846, at *4. Therefore, based on these and other admissions, we grant the Funds' motion for summary judgment and award $40,152.62 for delinquent contributions, $8,030.52 for liquidated damages, and $1200.00 for audit costs. We also award reasonable attorneys' fees and costs. The Funds are entitled to recover this amount pursuant to 29 U.S.C. § 1332(g)(2)(c)(ii). Thus, Plaintiff Funds are entitled to recover from Comtel a total of $49,383.14 plus reasonable attorneys' fees and costs.

## CONCLUSION

Based on the foregoing analysis, we grant the Funds' motion for summary judgment and award as damages $49,383.14 plus reasonable attorneys' fees and costs. The Funds must file a brief regarding attorneys' fees and costs within one week of this ruling and Comtel must respond within a week after the Funds file their brief on fees and costs.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 21, 2004

8